CHRISTOPHER J. BOMAN, SBN 198798
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile:  (949) 851-0152

ZACK I. DOMB, SBN 265185
FISHER & PHILLIPS LLP
444 S. Flower Street, Suite 1590
Los Angeles, CA 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendants
EXEL INC. (erroneously sued as EXEL LOGISTICS and
EXEL LOGISTICS dba ENERGIZER) and EDWARD
HOFFMAN

# UNITED STATES DISTRICT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LEONARD ALARI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXEL LOGISTICS, a business entity of unknown natures, EXEL LOGISTICS dba ENERGIZER, a business entity of unknown nature, EDWARD HOFFMAN, an individual, and DOES 1 through 100, inclusive.<br><br>Defendant. | CASE NO.: 5:16-cv-00159<br><br>*[Removed from Riverside Superior Court, Case No. RIC1514320]*<br><br>**DEFENDANT EXEL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441(b)**<br><br>Complaint Filed:   December 4, 2015<br>Trial Date:         None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION, PLAINTIFF LEONARD ALARI AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Exel Inc., erroneously sued as Exel Logistics and Exel Logistics dba Energizer ("Defendant" or "Exel"), hereby removes to this Court, the United States District Court for the Central District of

1

DEFENDANT EXEL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(B)

FPDOCS 31384641.1

California, Eastern Division, the state court action described below.  This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(b), for the reasons stated below:

1.      On December 4, 2015, Plaintiff Leonard Alari ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Riverside entitled, "*Leonard Alari v. Exel Logistics, Exel Logistics dba Energizer, Edward Hoffman, and Does 1 through 100, inclusive*," designated as Case No. RIC1514320.    The Complaint alleges nine causes of action: (1) Wrongful Termination – Discrimination; (2) Hostile Work Environment Harassment; (3) Failure to Prevent Harassment & Discrimination; (4) Retaliation; (5) Failure to Provide Reasonable Accommodation; (6) Failure to Engage in the Interactive Process; (7) Violation of Labor Code § 226; (8) Violation of Labor Code § 432; (9) Violation of Labor Code § 1198.5; (10) Intentional Infliction of Emotional Distress; and (11) Wrongful Termination in Violation of Public Policy (hereinafter "Complaint").  *See* Declaration of Zack I. Domb in Support of Defendant Exel Inc.'s Notice of Removal ("Domb Dec."), at ¶ 2, and **Exhibit** "**1**" thereto; *see* Compendium of State Court Filings, **Exhibit** "**1**."

2.      According to Plaintiff's proof of service filed with the Superior Court on January 4, 2016, Exel was served via personal service with a copy of the Complaint referenced in paragraph 1, along with the Summons and other related documents on December 28, 2015.  *See* Domb Dec., at ¶ 2, and **Exhibit** "**1**" thereto; *see* Compendium of State Court Filings, **Exhibit** "**1**."   According to Plaintiff's proof of service filed with the Superior Court on January 7, 2016, Defendant Edward Hoffman was served via substituted service with a copy of the Complaint referenced in paragraph 1, along with the Summons and other related documents on December 30, 2015.  *See* Domb Dec., at ¶ 2, and **Exhibit** "**1**" thereto; *see* Compendium of State Court Filings, **Exhibit** "**1**."   Exel and Mr. Hoffman contest Plaintiff's claim that service was properly effectuated.

2

3. On January 26, 2015, Exel served and filed its Answer to Plaintiff's unverified Complaint in state court. *See* Domb Dec., at ¶ 3; *see* Compendium of State Court Filings, **Exhibit** "**2**," thereto.

4. Does 1 through 100 in the Complaint are unnamed and unknown, and therefore have not been served with Plaintiff's Summons and Complaint.

5. This notice of removal was filed within thirty days of Exel's receipt of the Summons and Complaint in conformance with 28 U.S.C. section 1446(b)(1). *See* Domb Dec., at ¶ 4.

6. In accordance with 28 U.S.C. section 1446(d), Exel will, promptly after filing this Notice of Removal, give written notice of this Notice of Removal to the adverse party and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State of California for the County of Riverside. *See* Domb Dec., at ¶¶ 5-6, and **Exhibits** "**3**" and "**4**" thereto.

7. Proof of service of the Notice to the Superior Court Clerk of Removal to Federal Court and of the Notice to Adverse Party of Removal to Federal Court will be filed with this Court shortly after the Superior Court filing and service upon the adverse party are accomplished. *See* Domb Dec., at ¶ 7.

**I.  REMOVAL IS BASED ON DIVERSITY JURISDICTION**

8. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

**A.  There Is Diversity of Citizenship**

9. Plaintiff is now, and was at the time this action was commenced, a citizen of the state of California within the meaning of 28 U.S.C. section 1332(a), because his place of residence and domicile is and was within the state of California. *See* Compendium of State Court Filings, **Exhibit** "**1**," thereto at p.2,

DEFENDANT EXEL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(B)

FPDOCS 31384641.1

lines 2-4.

10. Exel Inc. was erroneously named in this lawsuit as Exel Logistics and Exel Logistics dba Energizer. Defendant Exel Inc. is now, and was at the time this action was commenced, a citizen of the states of Massachusetts and Ohio, within the meaning of 28 U.S.C. section 1332(c)(1) because it is now, and was, at all material times incorporated under the laws of the state of Massachusetts, and maintains, and at all material times has maintained, its principal place of business and headquarters in the state of Ohio. *See* Declaration of Robert Whipple ("Whipple Dec."), at ¶ 3.

11. Exel Inc. directs, controls, and coordinates the corporation's activities from its principal place of business in the state of Ohio. *See* Whipple Dec., at ¶¶ 3-4.

12. The Complaint fraudulently names Edward Hoffman as an individual defendant and alleges that he resides in California. *See* Compendium of State Court Filings, **Exhibit** "**1**" thereto at p.2, lines 7-11. In the Complaint, Plaintiff asserts his eleven causes of action against "DEFENDANTS EXEL LOGISTICS AND EXEL LOGISTICS DBA ENERGIZER" but *fails to assert a single cause of action against Mr. Hoffman*. *See* Compendium of State Court Filings, **Exhibit** "**1**" thereto at p.3, lines 18-21; p.4, lines 23-25; p.6, lines 8-11; p.7, lines 16-19; p.8, lines 18-22; p.10, lines1-4; p.11, lines 8-12; p.12, lines 10-13; p.13, lines 7-10; p.15, lines 13-17.

13. *Assuming* Plaintiff's second cause of action for "Hostile Work Environment Harassment" and tenth cause of action for "Intentional Infliction of Emotional Distress" were intended to be alleged against Mr. Hoffman, both of these causes of action pled by Plaintiff are fatally deficient. Indeed, Plaintiff fails to allege sufficient facts to state causes of action for harassment or intentional infliction of emotional distress against Exel or Mr. Hoffman. Plaintiff's Complaint only alleges the following facts related to Mr. Hoffman:

4

- "Plaintiff is informed, believes, and alleges thereon, that Defendant EDWARD HOFFMAN (hereinafter "HOFFMAN") is and at all times mentioned herein was a resident of the State of California and operations manager for Defendants . . ."

- "During the course of Plaintiff's employment, Defendant HOFFMAN terminated Plaintiff because of his disability. This behavior was unwanted, without Plaintiff's consent, objected to, and offensive to Plaintiff."

- "Defendants, and each of them, were on notice of said behavior, as Plaintiff reported said behavior to Defendant HOFFMAN."

*See* Compendium of State Court Filings, **Exhibit** "**1**" thereto at p.2, lines 7-11, p.5, lines 10-17. Plaintiff alleges that on June 3, 2015, "Plaintiff severely injured his back" and that the following day, he "reported his injury to Defendants" and that Exel "instantly terminated his employment" "for failing to report the injury timely." *See* Compendium of State Court Filings, **Exhibit** "**1**" thereto at p.3, lines 1-13.

14. None of the aforementioned allegations in Plaintiff's Complaint would support any claim against Mr. Hoffman and/or Exel for harassment in violation of California Government Code § 12940(j). Plaintiff fails to allege sufficient facts to state a cause of action for harassment as Hoffman's alleged conduct (i.e., terminating Plaintiff) does not rise to the level of harassment in violation of the Fair Employment and Housing Act ("FEHA") and constitutes a "commonly necessary personnel management action" that precludes a claim for harassment. In order to prove harassment based on disability in violation of FEHA, Plaintiff must establish that he was subjected to offensive comments or other abusive conduct that were clearly based on Plaintiff's disability and *were "sufficiently severe or pervasive to 'alter the conditions of [the victim's] employment and create an abusive work environment,"* and it excludes conduct that is "occasional, isolated, sporadic, or

5

trivial." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 609 (1989) (citations omitted). Here, there are no allegations that Mr. Hoffman subjected Plaintiff to any offensive comments or abusive conduct whatsoever. Instead, the only allegations pleaded are that Mr. Hoffman was an operations manager and that he terminated Plaintiff in his role as manager. Moreover, Plaintiff cannot argue that Mr. Hoffman's conduct was pervasive because Plaintiff's Complaint concedes that Exel "instantly" terminated Plaintiff's employment. *See Manatt v. Bank of America, NA*, 330 F.3d 792, 798 (9th Cir. 2003); *see also Lyle v. Warner Bros. Television Productions*, 38 Cal.4th 264, 283 (2006) ("With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature.")

15. Moreover, California law distinguishes between discriminatory employment actions taken by an employer and harassment from an individual coworker or supervisor. Under FEHA, is it unlawful for "an employer" to discriminate, but it is unlawful for "an employer . . . or any other person" to harass. *See* Cal. Gov. Code. §§ 12941, 12940. Thus only an employer—and not individuals—can be held liable for discriminatory employment actions, typically through a claim for employment discrimination. By contrast, an individual employee, in addition to an employer, can be held liable for harassment. In *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996), the court makes a distinction between the two that is critical to the argument that Mr. Hoffman is a sham defendant and named only by Plaintiff in an attempt to destroy diversity:

> [T]he Legislature intended that ***commonly necessary personnel management actions such as hiring and <u>firing</u> . . . do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management***. These

6

actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. ***Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management***. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

*Janken*, supra, 46 Cal.App.4th at 64-65 (emphasis added).

In *McKenna v. Permanente Medical Group, Inc.*, 894 F.Supp.2d 1258, 1280 (E.D. Cal. 2012), the court noted "[H]arassment consists of conduct outside the scope of necessary job performance, ***conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives***. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." (citing *Reno v. Baird*, 18 Cal.4th 640, 646-47 (1998).

16.     Here, Plaintiff fails to allege any action that Mr. Hoffman took against Plaintiff other than terminating him because of his alleged disability.  The *Janken* court made it abundantly clear that the act of terminating an employee is a "commonly necessary personnel management action" and although it may predicate a discrimination claim against an employer, it ***cannot*** be the basis for a harassment claim against an individual defendant.  Accordingly, assuming Plaintiff intended to assert a harassment claim against Mr. Hoffman, such a claim would be fatally flawed.

17.     Plaintiff also fails to allege facts sufficient to constitute a claim of intentional infliction of emotional distress against Exel and Mr. Hoffman (again assuming it was intended to be pled against Mr. Hoffman).  As stated above, the only factual allegations concerning Mr. Hoffman are that Mr. Hoffman allegedly terminated Plaintiff immediately after Plaintiff reported his injury.  *See*

DEFENDANT EXEL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(B)

FPDOCS 31384641.1

Compendium of State Court Filings, **Exhibit** "**1**" thereto at p.5, lines 10-17.  In order to prove intentional infliction of emotional distress, Plaintiff must show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993).  A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community" and the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.*  It is well settled that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society."  *Janken*, supra, 46 Cal.4th at 80.  Here, the only allegation made pertaining to Mr. Hoffman is that he, acting as Exel's operations manager, terminated Plaintiff, which is an act that clearly falls within the ambit of common managerial actions and thus cannot constitute "outrageous conduct beyond the bounds of human decency."  Accordingly, Mr. Hoffman's termination of Plaintiff cannot be the basis of an intentional infliction of emotional distress claim.

18.   In addition, assuming Plaintiff intended to assert his intentional infliction of emotional distress claim against Mr. Hoffman, the claim is preempted by the California Workers' Compensation Act ("WCA").  "[U]nder California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act." *Schaffer v. GTE, Inc.*, 40 F.App'x 552, 557 (9th Cir. 2012).  Only when (1) the employer's conduct contravenes fundamental public policy or (2) the employer's conduct is not within "the inherent risks of the employment" will an intentional infliction of emotional distress claim

FPDOCS 31384641.1

escape preemption. *See Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 754-55. Under settled California law, the public policy exception to WCA preemption "is designed solely to permit the filing of an action for wrongful discharge in violation of public policy despite the workers' compensation exclusive remedy rule." *Langevin v. Federal Express Corp.*, 2015 WL 1006367, at * 9 (C.D. Cal. Mar. 6, 2015) (citing *Miklosy v. Regents of the Univ. of Cal.* (2008) 44 Cal.4th 876, 902-03). Therefore, the public policy exception does not preclude an intentional infliction of emotional distress claim from WCA preemption. *Id.* (finding fraudulent joinder on a WCA-barred claim of intentional infliction of emotional distress). Moreover, it is well-settled that terminating an employee constitutes an act that is an inherent risk of employment and therefore cannot predicate a claim for intentional infliction of emotional distress. *See Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 367 ("An employer's intentional misconduct in connection with actions that are a normal part of the employment relationship, such as demotions and criticism of work practices, resulting in emotional injury is considered to be encompassed within the compensation bargain, even if the misconduct could be characterized as 'manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance.'")

19. Accordingly, even if Plaintiff had intended to assert his harassment and intentional infliction of emotional distress claims against Exel and/or Mr. Hoffman, Plaintiff would still fail to allege actionable claims against them. As a result, Mr. Hoffman should be declared nothing more than a sham defendant who must be disregarded for the purposes of determining the appropriateness of removal on the basis of diversity of citizenship jurisdiction.

20. As a result of the aforementioned, Plaintiff and Defendant Exel are citizens of different states for purposes of diversity jurisdiction. 28 U.S.C. 1332(a)(1); *see Hertz Corp v. Friend, 559 U.S. 77, 78-79 (2010).* Doe Defendants 1 through 100 are not identified, have not been served, and are not considered for

9

purposes of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.") *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### B. The Amount In Controversy Exceeds $75,000.00

21. In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) *(internal citations omitted)*. This includes any possible award of attorneys' fees. *See Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994, 1000 (9th Cir. 2007) *(internal citations omitted)*; *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372 (C.D. Cal. June 22, 2012). In determining whether a complaint meets the $75,000.00 threshold detailed in 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages. *See e.g., Bell v. Preferred Life Society,* 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

22. It is facially apparent from the damages allegations in the Complaint that the amount in controversy exceeds $75,000.00. The removing defendant can meet its burden of establishing that the amount in controversy exceeds $75,000.00 by showing that the "facially apparent" allegations in the complaint demonstrate

10

the amount in controversy. *Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999); *see also White v. FCI USA, Inc.* 319 F.3d 672, 675-676 (5th Cir. 2003) ("facially apparent" in a wrongful termination case was met by showing a lengthy list of compensatory and punitive damages.)

23.    Plaintiff's Complaint states that he suffered "general damages and special damages in excess of $1,000,000 including lost earnings and other employee benefits, past and future, emotional distress, humiliation, and mental anguish . . ." *See* Compendium of State Court Filings, **Exhibit** "**1**" thereto at p. 16, lines 21-24 (Prayer for Relief).

24.    Thus, based on the nature of the allegations, Plaintiff has placed in controversy an amount exceeding $75,000.00, exclusive of costs and interest. Because Defendant Edward Hoffman is a sham defendant whose sole purpose in this lawsuit is to defeat diversity and must therefore be disregarded, and Plaintiff and Defendant Exel are citizens of different states, there is complete diversity between the parties. Further, because there is complete diversity and because the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. sections 1332(a) and 1441(a) are satisfied. Accordingly, Exel removes the above-entitled action now pending in the Superior Court of the State of California for the county of Riverside to this Court.

DATE:  January 27, 2016          FISHER & PHILLIPS LLP


                                 By:   */s/ Zack I. Domb*
                                       CHRISTOPHER J. BOMAN
                                       ZACK I. DOMB
                                       Attorneys for Defendants
                                       EXEL INC. (erroneously sued as EXEL
                                       LOGISTICS and EXEL LOGISTICS
                                       dba ENERGIZER) and EDWARD
                                       HOFFMAN

DEFENDANT EXEL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(B)

FPDOCS 31384641.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 S. Flower Street, Suite 1590, Los Angeles, California 90071.

On **January 27, 2016**, I served the foregoing document entitled **DEFENDANT EXEL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441(b)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | | |
|---|---|---|
| Bob Nehoray, Esq.<br>LAW OFFICES OF BOB NEHORAY<br>A PROFESSIONAL LAW CORPORATION<br>16542 Ventura Blvd., Suite 315<br>Encino, California 91436 | Tel.: (213) 384-7774<br>Fax: (213) 384-7775 | Attorneys for Plaintiff<br>Leonard Alari |

☐ **[by MAIL] -** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by FEDERAL EXPRESS] -** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by ELECTRONIC SUBMISSION]** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).

Executed on **January 27, 2016**, at Los Angeles, California.

Laura Aispuro                    By: */s/ Laura Aispuro*
Print Name                              Signature

1
CERTIFICATE OF SERVICE

FPDOCS 31384641.1